UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| E&B REAL ESTATE SERVICES, INC., ) | | |
| d/b/a F.C. TUCKER EMGE REALTORS, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 3:04-cv-055-RLY-VSS | |
| ) | | |
| FIRST ADVANTAGE REALTY, INC., ) | | |
| d/b/a ERA FIRST ADVANTAGE ) | | |
| REALTY, a/k/a JANICE MILLER, ERA ) | | |
| FIRST ADVANTAGE REALTY, ) | | |
| Defendant. ) | | |

**ENTRY ON (1) PLAINTIFF'S MOTION TO RECONSIDER AND TO VACATE ORDERS DATED MAY 18, 2004, JUNE 4, 2004, AND NOVEMBER 23, 2004; (2) DEFENDANT'S MOTION TO RECONSIDER ENTRY OF NOVEMBER 22, 2004; AND (3) DEFENDANT'S MOTION FOR STAY OF LITIGATION AND DEADLINES PENDING ANTICIPATED APPEAL**

On November 22, 2004, this court issued its Entry on ERA's Motions to Enforce Settlement Agreement and For Attorney's Fees, and on Tucker's Motions to Reconsider and to Vacate. Therein, the court denied ERA's Motion to Enforce the parties' purported settlement agreement, denied ERA's Motion for Attorney's Fees, and granted reconsideration of Magistrate Judge Hussmann's May 19 Order regarding this matter. Finally, the court vacated its own April 20, 2004 Entry. The following day, November 23, 2004, the court granted in part and denied in part Defendant's Emergency Motion to Stay the court's November 22 Entry, finding that "the transcript is to be re-sealed, and

1

remain sealed until the plaintiff has an opportunity to respond to the defendant's emergency motion. After review of the briefs filed by the parties, should the court determine a hearing would be of assistance in deciding whether the settlement agreement should remain sealed, counsel will be notified."

Since then, the parties have flooded the court with briefs and motions, several of which have to do with whether or not the proceedings in this matter must remain under seal.[1]  Today the court considers the following motions: (1) Plaintiff's Motion to Reconsider and to Vacate Orders Dated May 18, 2004, June 4, 2004, and November 23, 2004; (2) Defendant's Motion to Reconsider Entry of November 22, 2004; and (3) Defendant's Motion for Stay of Litigation and Deadlines Pending Anticipated Appeal.

For the following reasons, the court finds that there is no reason for this matter to continue under seal.  Plaintiff's Motion is **granted** and Defendant's Motions are **denied**.

## I.      Factual Background

On April 5, 2004, E&B Real Estate Services, Inc., d/b/a F.C. Tucker Emge Realtors ("Tucker"), filed a complaint against First Advantage Realty, Inc., d/b/a ERA First Advantage Realty, a/k/a Janice Miller, ERA First Advantage Realty, Inc. ("ERA"). Tucker's complaint includes four counts: (I) violation of the Anticyberpiracy Consumer

---

[1] In light of the tone taken in some of the briefing on this matter, the court reminds counsel of the first of the Lawyers' Duties to the Court found in the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit: "We will speak and write civilly and respectfully in all communications with the court."  (Standards for Professional Conduct Within the Seventh Federal Judicial Circuit, adopted December 14, 1992 (*available at* http://www.insd.uscourts.gov/rules/StdProfConduct.pdf)).  Counsel is admonished to be mindful of this standard in its future briefing on this case.

Protection Act ("ACPA"), 15 U.S.C. § 1125(d)); (II) unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125; (III) unfair competition in violation of Indiana law, I.C. § 24-2-1-15; and (IV) fraud in violation of Indiana law, I.C. § 25-1-11-5. (*See generally*, Complaint). Tucker and ERA are competitors in the Evansville area real estate market. Tucker alleges that ERA registered nineteen various internet domain names that are similar to Tucker's internet domain name. As such, people looking for Tucker online but either not knowing or mistyping Tucker's domain name would be "deliberately and automatically directed to ERA's internet website instead of the F.C. Tucker Emge website." (Complaint ¶ 24). At this time the parties have not briefed the court on the merits of the case.

Shortly after the case was filed, the parties entered into settlement negotiations, which initially appeared to be successful. On April 21, 2004, the court docketed an entry stating that "due to notification of case settlement, all pending motions are denied as moot" and further vacating all scheduled deadlines and dates relating to the case. (Notice, Docket Entry #21). The alleged settlement agreement proved to be problematic.

On April 23, 2004, two days after the court had received notice of the settlement, Tucker filed its amended complaint. On May 18, 2004, ERA filed a motion to seal the transcript and recording of the settlement conference, which was granted by Magistrate Judge Hussmann. (Docket Entry #25). On June 4, 2004, Magistrate Judge Hussmann granted ERA's Motion to Seal all documents relating to the alleged settlement agreement. On June 18, 2004, ERA filed a Motion to Enforce the Settlement Agreement. This court

heard oral argument on the Motion to Enforce on November 5, 2004.

On November 22, 2004, this court ruled that the alleged settlement agreement was unenforceable.  (*See generally*, Entry on ERA's Motions to Enforce Settlement Agreement and For Attorney's Fees, and on Tucker's Motions to Reconsider and to Vacate, dated November 22, 2004, Docket #55).  The court found that the parties had not demonstrated agreement on the essential terms of the settlement, especially those terms having to do with confidentiality.  (*Id*.).  In that Entry, the court lifted the seal on the transcript from the settlement conference.  (*Id*.).  The dispute did not end there.  ERA immediately responded with a Motion to Stay the court's November 22, 2004 decision and to reseal the relevant documents.  (*See* Docket #56).  The court granted ERA's motion to reseal the settlement conference transcript until briefing on the issue could be completed.  (November 23, 2004 Order, Docket #57).

In February 2005, ERA filed its Answer and Affirmative Defenses as well as a Counterclaim and Third-Party Complaint for Damages and Injunctive Relief, which includes four counts against Tucker: (I) for libel and slander; (II) for breach of contract; (III) for declaratory relief; and (IV) for unfair competition.  In March 2005, Tucker responded to ERA's counterclaim with a Motion to Dismiss Count II.  Finally, in May 2005, F.C. Tucker, Company, Inc. and Tucker Associates, Inc. filed a Motion to Intervene, which is still pending.  The motions before the court today have to do with whether the transcript of the settlement conference must remain under seal.

**I.      Plaintiff's Motion to Reconsider and to Vacate Orders Dated May 18, 2004,**

**June 4, 2004, and November 23, 2004**

The first of the three motions considered by the court today is Tucker's Motion to Reconsider and to Vacate Orders Dated May 18, 2004, June 4, 2004, and November 23, 2004. The three Orders in questions are those which had, at various times, granted ERA's motions to seal the transcript and tape recording from the April 20, 2004 settlement conference. In the June 4, 2004 Order, Magistrate Judge Hussmann also ordered the parties not to "make public any documents relating to or terms discussed at the April 20, 2004 settlement conference," and he ordered all future filings in the case to be submitted under seal "until such time as the Court orders otherwise."

Federal Rule of Civil Procedure 26(c) allows the court to enter a protective order, i.e., allow a seal, only for good cause shown. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). A showing of good cause is required because "[t]he parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Id.*[2] The party seeking a protective order has the burden of showing cause and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002). ERA has not met this burden.

---

[2] This case has already been the object of press coverage, indicating to the court that the nature of the case is public knowledge and that there is a public interest in its outcome. *See* Maureen Hayden, *Outcome of 'Cyber-Squatting' Case Remains Secret for Now*, Evansville Courier & Press, August 24, 2004; Maureen Hayden, *'Cybersuit' May Be First of its Kind in Indiana: Realtor Accused of Pirating Domain*, Evansville Courier & Press, April 9, 2004.

Despite the court's ruling to the contrary, ERA still believes that there is an enforceable settlement agreement between itself and Tucker which contains a confidentiality provision. Accordingly, ERA now claims that the entire matter must be kept under seal pending its anticipated appeal of the court's decision regarding the enforceability of the alleged settlement. ERA argues that unsealing the transcript "would result in immediate and irreparable harm to ERA, since a material term of the agreement – confidentiality – would be lost once unsealed." (Brief in Response to Plaintiff's Brief Objecting to Defendant's Emergency Motion (Docket #65) at 2). However, even if there were an enforceable settlement agreement between the parties,

> the right judicial response to the initiation of litigation that reveals information subject to contractual confidentiality is not specific performance of the confidentiality agreement but damages for breach of contract. [Defendant] therefore may have a claim against [Plaintiff] *if it can show injury*. But it does not have any right to keep third parties from learning what this litigation is about.

*Baxter*, 297 F.3d at 548 (referencing *Union Oil Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000) and *Herrnreiter v. Chicago Housing Authority*, 281 F.3d 634 (7th Cir. 2002) (emphasis added).

ERA attempts to distinguish *Baxter* from the case at bar on the grounds that *Baxter* dealt with documents kept confidential on appeal. While the *Baxter* court did find that appellate documents are presumptively public in nature, the court also addressed trial documents, stating that "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet

the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id*. at 545.

ERA's citation to *Natare Corp. v. Aquatic Renovation Systems, Inc*. for the proposition that courts in this District have approved of keeping confidential settlements under seal is likewise unconvincing. *See Natare Corp. v. Aquatic Renovation Systems, Inc.*, 987 F.Supp 695 (S.D.Ind. 1997). In *Natare*, a patent infringement suit, Judge Barker found that there was a "binding and enforceable" settlement agreement that included a confidentiality provision. *Id*. at 696. As such, she presented the parties with the option of having her Entry, which granted the Plaintiff's motion to enforce the settlement agreement, entered under seal. *Id*. at 700. Evidently the parties did not exercise their option to have the Entry sealed, as it was subsequently reported in Federal Supplement. The case at bar presents the opposite scenario. Where there was an enforceable, confidential settlement in *Natare*, there is not here.

The court finds that ERA has not shown that it will experience irreparable harm if the protective order is lifted, nor has ERA shown any other good cause for which this matter should remain under a protective seal. Accordingly, the court grants Tucker's Motion to Reconsider and to Vacate Orders Dated May 18, 2004, June 4, 2004, and November 23, 2004.

**II.     Defendant's Motion to Reconsider Entry of November 22, 2004**

A motion to alter or amend judgment under Rule 59(e) requires the moving party to direct the court's attention to either newly discovered material evidence or to a

manifest error of law or fact.  *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999).  This motion is not the appropriate vehicle for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."  *Caisse Nationale de Credit Agricole v. CBI Indus.*, *Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In Re Oil Spill*, 794 F.Supp. 261, 267 (N.D.Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993)).

Upon review, the court finds no manifest error in its conclusion that there is no enforceable settlement agreement between the parties.  (*See generally*, Entry on ERA' Motions to Enforce Settlement Agreement and for Attorney's Fees, and on Tucker's Motions to Reconsider and to Vacate, dated November 11, 2004, Docket #55).  Therefore, the court denies ERA's Motion to Reconsider Entry of November 22, 2004.

### III.   Defendant's Motion for Stay of Litigation and Deadlines Pending Anticipated Appeal

In its Motion for Stay of Litigation, ERA contends that it has an immediate right to appeal the court's November 22, 2004 Entry, wherein the court determined that there is no enforceable settlement agreement between the parties.  ERA argues that its appeal is permissible on any of three grounds: (1) the collateral order doctrine; (2) 28 U.S.C. § 1292(a)(1); and/or (3) certification for interlocutory appeal.  Upon review of the parties' briefs on this issue, the court finds no reason to make an exception to the final judgment rule.  As to the collateral order doctrine, "rights under private settlement agreements can

be adequately vindicated on appeal from final judgment." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 869 (1994) (holding district court's refusal to enforce settlement agreement on the grounds that it had provided defendant the "right not to stand trial" not immediately appealable under 28 U.S.C. § 1291). As to 28 U.S.C. § 1292(a)(1), there is no injunctive relief at issue here, nor is there any showing of irreparable harm. As to interlocutory appeal, the court finds no controlling question of law about which there is substantial ground for legitimate difference of opinion; the court, in its discretion, declines to certify this matter for interlocutory appeal.

**IV.     Conclusion**

Having spent considerable time reviewing this matter, the court finds that there is no reason for this case to proceed under seal. For the foregoing reasons and based on the record as a whole, the Orders Dated May 18, 2004, June 4, 2004, and November 23, 2004 are **vacated**. Defendant's Motion to Reconsider Entry of November 22, 2004 and Defendant's Motion for Stay of Litigation and Deadlines Pending Anticipated Appeal are **denied**.

None of the documents in this case are any longer subject to a protective order. As such, the court **orders** the clerk of the court to unseal all of the documents within the docket for this case. At trial, any evidence relating to settlement negotiations will be granted ordinary evidentiary protections under Federal Rule of Evidence 408. For all other purposes, documents filed within this case are a matter of public record.

**It is so ordered** this 3rd day of June 2005.

3:04-cv-055 RLY/VSS

_[signature]_
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
ahlers@k2d2.com

Todd C. Barsumian
KAHN DEES DONOVAN & KAHN
toddb@k2d2.com

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

Keith A. Sermersheim
RUDOLPH FINE PORTER & JOHNSON
kas@rfpj.com