UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| E&B REAL ESTATE SERVICES, INC., | ) | |
| d/b/a F.C. TUCKER EMGE REALTORS, | ) | |
| F.C. TUCKER COMPANY, INC., and | ) | |
| TUCKER ASSOCIATES, INC. | ) | |
| Plaintiffs, | ) | 3:04-cv-055-RLY-TAB |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST ADVANTAGE REALTY, INC., | ) | |
| d/b/a ERA FIRST ADVANTAGE | ) | |
| REALTY, a/k/a JANICE MILLER, ERA | ) | |
| FIRST ADVANTAGE REALTY, | ) | |
| Defendant, | ) | |
| _____ | ) | |
| | ) | |
| FIRST ADVANTAGE REALTY, INC. | ) | |
| d/b/a ERA FIRST ADVANTAGE | ) | |
| REALTY, a/k/a JANICE MILLER, ERA | ) | |
| FIRST ADVANTAGE REALTY, | ) | |
| Counter-Plaintiff/Third-Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E&B REAL ESTATE SERVICES, INC., | ) | |
| d/b/a F.C. TUCKER EMGE REALTORS, | ) | |
| KATHY BRISCOE, and KEVIN | ) | |
| EASTRIDGE, | ) | |
| Counterdefendants/Third-Party | ) | |
| Defendants. | ) | |

1

**ENTRY ON F.C. TUCKER COMPANY, INC. AND TUCKER ASSOCIATES, INC.'S MOTION TO INTERVENE AND ON ERA'S MOTION FOR A MORE DEFINITE STATEMENT**

This matter is before the court on F.C. Tucker, Company, Inc. and Tucker Associates, Inc.'s (collectively, "Intervenors") Motion to Intervene, which was filed on May 16, 2005 and on First Advantage Realty, Inc., d/b/a ERA First Advantage Realty, a/k/a Janice Miller, ERA First Advantage Realty, Inc.'s ("ERA") Motion for a More Definite Statement. For the following reasons, the Motion to Intervene is **granted** and the Motion for a More Definite Statement is **denied**.

**I.     Background**

On April 5, 2004, E&B Real Estate Services, Inc., d/b/a F.C. Tucker Emge Realtors ("Tucker"), filed a complaint against ERA. Tucker's complaint includes four counts: (I) violation of the Anticyberpiracy Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)); (II) unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125; (III) unfair competition in violation of Indiana Code § 24-2-1-15; and (IV) fraud in violation of Indiana Code § 25-1-11-5. (*See generally*, Complaint). Tucker and ERA are competitors in the Evansville area real estate market. Tucker alleges that ERA registered nineteen various internet domain names that are similar to Tucker's internet domain name. As such, people looking for Tucker online but either not knowing or mistyping Tucker's domain name would be "deliberately and automatically directed to ERA's internet website instead of the F.C. Tucker Emge website." (Complaint ¶ 24).

2

On April 14, 2004, the Intervenors sent a letter to ERA demanding that ERA, amongst other things, immediately cease and desist from the use of the names Tucker and F.C. Tucker in its internet domain names.  Thereafter, Tucker and ERA entered into settlement negotiations; they had a settlement conference on November 20, 2004, and then spent the next several months litigating whether an enforceable agreement had been entered into on that occasion.  Eventually the court determined that there was no enforceable settlement agreement.  *See* November 22, 2004 Entry; June 3, 2005 Entry.

In February 2005, ERA filed its Answer and Affirmative Defenses as well as a Counterclaim and Third-Party Complaint for Damages and Injunctive Relief, which includes four counts against Tucker: (I) for libel and slander; (II) for breach of contract; (III) for declaratory relief; and (IV) for unfair competition.  In their proposed Complaint, the Intervenors bring a four-count claim against ERA, alleging: (I) cyberpiracy in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (II) unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125; (III) unfair competition in violation of Indiana Code § 24-2-1-15; and (IV) fraud in violation of Indiana Code § 25-1-11-5.

**II.     Analysis**

The Intervenors argue that their ownership and licensing activities with respect to the trademarks at issue provide them with the right to intervene under Federal Rule of Civil Procedure 24(a)(2).  Pursuant Rule 24(a)(2), intervention is allowed "when the applicant claims an interest relating to the property or transaction which is the subject of

the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . ." Fed. R. Civ. P. 24(a)(2).

ERA does not dispute that the Intervenors have an interest in the property in question here; rather, ERA asks the court to reject the Motion to Intervene either on the basis of untimeliness or because ERA complied with the demands made by the Intervenors in their April 14, 2004 letter. Alternatively, ERA asks the court to require a more definite statement from the Intervenors.

First, the court finds that the Intervenors have filed their motion in a timely manner. Discovery on the underlying issues in this case is only in its initial stages, and this is not a case where "delay in moving for intervention will prejudice the existing parties to the case." *Nissei Sangyo America, Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994). Second, whether ERA complied with the Intervenors' initial demand letter is a factual question that goes to ERA's defenses, not to the propriety of intervention. Finally, the Intervenors' Complaint meets the rules for pleading outlined in Federal Rule of Civil Procedure 8(a). *See generally* Complaint of Intervenor. No more definite statement is required at this stage of the litigation.

### III.    Conclusion

For the foregoing reasons, F.C. Tucker, Company, Inc. and Tucker Associates,

Inc.'s Motion to Intervene is **granted**.  ERA's Motion for a More Definite Statement is **denied**.

**Dated:  July 22, 2005.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
ahlers@k2d2.com

Todd C. Barsumian
KAHN DEES DONOVAN & KAHN
toddb@k2d2.com

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

Keith A. Sermersheim
RUDOLPH FINE PORTER & JOHNSON
kas@rfpj.com